IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROGER VON EVANS,
    Plaintiff,

vs.                                  Case No. 3:09cv181/MCR/EMT

GEORGE WALKER BUSH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's motion for entry of default (Doc. 12). Plaintiff seeks entry of a default against Defendants on the ground that more than twenty (20) days have elapsed since the date on which Defendants were served with a summons and complaint in this matter, and they have not filed an answer or otherwise defended this action (*id.*).

       In part, Rule 55 provides:

    **(a)**    **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

    **(b)**    **Entering a Default Judgment**.

        **(1)**    **By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .

        **(2)**    **By the Court**. In all other cases the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make

referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

>    **(A)** conduct an accounting;
>    **(B)** determine the amount of damages;
>    **(C)** establish the truth of any allegation by evidence; or
>    **(D)** investigate any other matter.

Fed. R. Civ. P. 55.  Thus, prior to obtaining a default judgment under either Rule 55(b)(1) by the clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a), which the clerk is authorized to enter.

In the instant case, all of the necessary elements of default are not present.  Most importantly, there is no evidence that Defendants have been served with a summons and complaint.  Although Plaintiff states that Defendants were served by the United States Marshals Service on May 14, 2009, there is no indication in the record that service has been accomplished.  The only activity docketed in this case on May 14, 2009, is this court's issuance of an order granting Plaintiff's motion to proceed in forma pauperis (Doc. 9).  Furthermore, the court has not directed the Marshals Service to serve the complaint because this court has a statutory duty to review Plaintiff's complaint to identify cognizable claims or dismiss the complaint, *see* 28 U.S.C. § 1915(e)(2)(b), and the court has not yet had an opportunity to complete this screening function.  If the court determines that Plaintiff has raised cognizable claims, it will then direct service of the complaint upon Defendants.  As the necessary elements of default are not present in this case, Plaintiff's motion should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for entry of default (Doc. 12) be **DENIED**.

At Pensacola, Florida, this 19th day of June 2009.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**